## Lessee of Samuel Church *against* John Church.

The declarations of a grantee, after the execution of the deed, that he had paid nothing for it, not admissible in evidence.
Such deed is good against the party, though void against creditors.

EJECTMENT for a messuage and lot of ground in the district of Southwark. The plaintiff claimed under a deed from Shepherd Church, to his mother Mary Church (who was likewise the mother of the parties) for this lot and other lots in the city, in consideration of 800l., which was duly acknowledged and recorded. She, by will, dated 24th June 1790, devised the premises to her son Shepherd, and in case he died without legal heirs of his body, then over to her son Samuel, the lessor of the plaintiff in fee. Shepherd died unmarried three years before his mother.

On the part of the defendant it was contended, that Mary Church was wholly unable to make this purchase, and had not paid the consideration money. That the sale was merely ficti-

[Church's Lessee *v.* Church.]

tious, and the conveyance was made to guard the property against creditors, in consequence of an improvident connection in trade formed with one Jeffries at Baltimore.

In the first instance, the declarations of the said Mary Church, made shortly after the deed, that she had not paid any part of the 800l., but held it in trust for the family, were offered in evidence. This was objected to.

Mr. M. Levy for the defendant. The declarations of the parties, at and immediately before the execution of a deed, have always been received in evidence in this state; and the declarations of a grantor afterwards was admitted in 1 Dall. 193. The case is much stronger as to those of the grantee, who took the estate. The noted case of Harvey *v.* Harvey, 2 Cha. Ca. 180, led the way in matters of this nature.

Messrs. Ingersoll and Tod for the plaintiff. The testimony offered is in direct opposition to the "act for prevention of "frauds and perjuries," passed 21st March 1772. 1 St. Laws 640. It tends to annul the operation of a solemn conveyance, by loose conversations, frequently misunderstood and often misrepresented. The public policy of the country is thereby counteracted, and a flood of perjury introduced. This is not an estate created by operation of law, as attempted to be proved. For though no money was paid, the conveyance may operate *as a voluntary deed, unless in the case of creditors, [*281 where the deed might be deemed fraudulent. Nothing is a resulting trust under the statute of frauds and perjuries, but what are there called trusts by operation of law; and they are confined to two cases : 1st. When an estate is purchased in the name of one person, but the money or consideration is given by another. 2d. Where a trust is declared only as to part, and nothing said as to the rest, what remains undisposed of results to the heir at law, and they cannot be said to be trustees for the residue. 2 Atky. 150. The case cited from Dall. 193, was clearly a resulting trust of the first kind; and the case of Harvey *v.* Harvey was *sui generis.* Declarations of a party to a deed previous to the execution, have been admitted in support of the deed against imputations of fraud; but declarations subsequent, impeaching the deed, have been rejected. · 5 Ves. jr. 701. Parol evidence has been held not admissible, to prove from conversations before and at the time of signing an agreement for a lease, what were the intentions of the parties. 4 Bro. Cha. Ca. 514. So, to prove an additional rent payable by a tenant, beyond that expressed in the written agreement for a lease. 2 W. Bla. 1249. Lord Chancellor PARKER has said, words can have no weight against a deed solemnly executed. 1 Wms. 482.

It is true, the courts in this state have gone much further in receiving parol testimony, of what passed at and immediately before the execution of a deed, than would be admitted in the

[Traquair *v*. Redinger, et e contra.]

courts of law or equity in England; particularly in *Hurst's lessee *v*. Kirkbride and Riche, at a Court of Nisi Prisus in Bucks' county, which has been often recognized; but they have never gone to the extent now contended for.

TILGHMAN, C. J.   I fully agree with Mr. Justice BRADFORD in his observation on that case, and that it varied from the law in England.   2 Dall. 172.

The court unanimously think this evidence cannot be received; it directly militates against the act of frauds and perjuries.   The greatest dangers would ensue.   Here there is no resulting trust.   The deed would enure as a voluntary deed, unless creditors were thereby defrauded.   Neither on principle nor precedent can the testimony be admitted.

The jury gave a verdict for the plaintiff without leaving the bar.

Cited and followed in 10 S. & R. 341 ; 3 Rawle 444 ; 16 Pa. 57 ; 24 Pa. 67